## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| Barachel Dove Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Harris & Harris, LTD. (IL), | ) | **COMPLAINT** |
| | ) | **WITH JURY TRIAL DEMAND** |
| Defendant. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

1.      Consumers in bankruptcy, like Plaintiff, continue to actively participate in the credit markets while their reorganizations are pending.

2.      Motions to approve the incursion of new debt for a variety of purposes are common, as is the granting of such motions by the Bankruptcy Court.

3.      Accordingly, compliance with the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and accurate credit reporting is as important for these consumers as it is for any other.

4.      This action for damages is based on Defendant's false communications to third-parties, in furtherance of its efforts to collect a consumer debt from Plaintiff, in violation of the FDCPA.

1

## PARTIES

5.     Plaintiff, Barachel Dove Johnson, is a natural person who resides in Haralson County, Georgia.

6.     Plaintiff is allegedly obligated to pay a consumer debt and is, therefore, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.     Defendant, Harris & Harris, LTD. (IL), is a corporation formed under the laws of the State of Illinois and registered to do business in the State of Georgia.

8.     Defendant may be served with process via its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

9.     Defendant uses interstate commerce and/or mail in its business. The principal purpose of Defendant's business is the collection of consumer debts.

10.     Defendant also regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

11.     Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.    Defendant touts on its website its skill in consumer debt collection, writing:

> "*We are known for our collaborative collection approach, and strict compliance with federal and state regulations.*"

See, https://www.harriscollect.com/healthcare/. (Last visited July 8, 2021.)

## **JURISDICTION AND VENUE**

13.    This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., claims, pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

14.    This Court has personal jurisdiction over Defendant because, *inter alia*, Defendant frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

15.    Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

3

16.    Pursuant to LR 3.1B(3), NDGa, venue is proper in the Atlanta Division because one or more Defendants maintain agents for service of process within the Atlanta Division.

## FACTUAL ALLEGATIONS

### *Factual Allegations Derived from Plaintiff's Bankruptcy Case*

17.    On October 18, 2019, Plaintiff filed a Chapter 13 Voluntary Bankruptcy Petition in the United States Bankruptcy Court for the Northern District of Georgia, Newnan Division, Case Number 19-12068 (the "Bankruptcy Case").

18.    In Schedule F of her Bankruptcy Petition, Plaintiff schedule Defendant as an unsecured creditor with a claim in the amount of $1,111.00 (the "Debt").

19.    On October 23, 2019 Defendant was served with notice of Plaintiff's Bankruptcy Case and its inclusion as a creditor in the Bankruptcy Case by the Bankruptcy Noticing Center. The relevant portion of the Notice served on Defendant appears below and has been highlighted for ease of reference:

4

United States Bankruptcy Court
Northern District of Georgia

In re:                                                          Case No. 19-12068-whd
Barachel Dove Johnson                                           Chapter 13
        Debtor

                          **CERTIFICATE OF NOTICE**

District/off: 113E-7          User: ajackson          Page 1 of 1          Date Rcvd: Oct 21, 2019
                              Form ID: 309i           Total Noticed: 24

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 23, 2019.
db          +Barachel Dove Johnson,   260 Manning St.,   Tallapoosa, GA 30176-1378
22689172    +ATI Physical Therapy,   433 N Capitol Ave #102,   Indianapolis, IN 46204-1238
22689169    +Addison Creek at Rockville, LLC,   59 Port O Call Drive,   Indianapolis, IN 46224-8723
22689170    +Ascension St. Vincent's Hospital,   2001 West 86th Street,   Indianapolis, IN 46260-1991
22689171    +Ashford Meridian Hills, successor in,   interest to Villas at Meridian Hills,
             2085 Waterford Place,   Indianapolis, IN 46260-3800
22689173    +Automotive Credit Corp,   Attn: Bankruptcy,   26261 Evergreen Rd  Ste 300,
             Southfield, MI 48076-7509
22689174    +Automotive Credit Corp.,   26261 Evergreen Road, Ste 300,   Southfield, MI 48076-7509
22689175    +Commonwealth Financial Systems,   Attn: Bankruptcy,   245 Main Street,
             Dickson City, PA 18519-1641
22689180    +IU Health Methodist Hospital,   1701 N Senate Blvd,   Indianapolis, IN 46202-1239
22689182    +Platinum Investment Company,   P.O. box 41,   Bowdon Junction, GA 30109-0041
22689183    +Sidney & Lois Eskenazi Hospital,   720 Eskenazi Ave,   Indianapolis, IN 46202-5190
22689184     Teachers Credit Union,   P.O. Box 1395,   South Bend, IN 46624-1395
22689186    +USAA,   c/o Wilbur & Associates,   210 Landmark Drive,   Normal, Illinois 61761-2119

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty           E-mail/Text: mberry@mattberry.com Oct 21 2019 22:21:31     Matthew Thomas Berry,
              Matthew T. Berry & Associates,   Suite 600,   2751 Buford Highway, NE,   Atlanta, GA  30324
tr            +E-mail/Text: bnc@13trusteeatlanta.com Oct 21 2019 22:25:57     Melissa J. Davey,
              Melissa J. Davey, Standing Ch 13 Trustee,   Suite 200,   260 Peachtree Street, NW,
              Atlanta, GA 30303-1236
22689176    +EDI: CMIGROUP.COM Oct 22 2019 01:38:00     Credit Management, LP,   Attn: Bankruptcy,
              PO Box 118288,   Carrollton, TX 75011-8288
22689177    +EDI: PHINHARRIS Oct 22 2019 01:38:00     Harris & Harris,   Attn: Bankruptcy,
              111 W Jackson Blvd  Ste 400,   Chicago, IL 60604-4135

20.   On January 15, 2020, Plaintiff filed her Chapter 13 Plan in accordance

with 11 U.S.C. § 1322, reforming any pre-existing contract with Defendant and

setting forth her proposed treatment of the Debt owed to Defendant, including

detailed payment terms.

21.    Plaintiff's Plan provided, in part, that Defendant's allowed claim would be paid through the Chapter 13 Trustee and that no payments would be forthcoming from any other source.

22.    On January 31, 2020, Plaintiff's Plan was confirmed and became *res judicata* as to Plaintiff and Defendant.

23.    Defendant was served with a copy of the Confirmation Order on February 2, 2020, by the Bankruptcy Noticing Center. The relevant portion of the Confirmation Order served on Defendant appears below and has been highlighted for ease of reference:

United States Bankruptcy Court
Northern District of Georgia

In re:                                                                    Case No. 19-12068-whd
Barachel Dove Johnson                                                     Chapter 13
        Debtor

**CERTIFICATE OF NOTICE**

District/off: 113E-7          User: fowler            Page 1 of 2            Date Rcvd: Jan 31, 2020
                             Form ID: 132            Total Noticed: 27

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Feb 02, 2020.
db              +Barachel Dove Johnson,   260 Manning St.,   Tallapoosa, GA 30176-1378
22689172        +ATI Physical Therapy,   433 N Capitol Ave #102,   Indianapolis, IN 46204-1238
22689169        +Addison Creek at Rockville, LLC,   59 Port O Call Drive,   Indianapolis, IN 46224-8723
22689170        +Ascension St. Vincent's Hospital,   2001 West 86th Street,   Indianapolis, IN 46260-1991
22689171        +Ashford Meridian Hills, successor in,   interest to Villas at Meridian Hills,
                 2085 Waterford Place,   Indianapolis, IN 46260-3800
22689173        +Automotive Credit Corp,   Attn: Bankruptcy,   26261 Evergreen Rd  Ste 300,
                 Southfield, MI 48076-7509
22689174        +Automotive Credit Corp.,   26261 Evergreen Road, Ste 300,   Southfield, MI 48076-7509
22833507        +Automotive Credit Corporation,   P.O. Box 2286,   Southfield, MI 48037-2286
22689175        +Commonwealth Financial Systems,   Attn: Bankruptcy,   245 Main Street,
                 Dickson City, PA 18519-1641
22689176        +Credit Management, LP,   Attn: Bankruptcy,   PO Box 118288,   Carrollton, TX 75011-8288
22790284        +Extreme Automotive Group as Servicer for Platinum,   P.O. Box 41,
                 Bowdon Junction, GA 30109-0041
22689180        +IU Health Methodist Hospital,   1701 N Senate Blvd,   Indianapolis, IN 46202-1239
22776538         Indiana University Health System,   PO Box 1123,   Minneapolis, MN 55440-1123
22689182        +Platinum Investment Company,   P.O. box 41,   Bowdon Junction, GA 30109-0041
22689183        +Sidney & Lois Eskenazi Hospital,   720 Eskenazi Ave,   Indianapolis, IN 46202-5190
22689184         Teachers Credit Union,   P.O. Box 1395,   South Bend, IN 46624-1395
22689185        +USAA,   9800 Fredericksburg Road,   San Antonio, TX 78288-0002
22689186        +USAA,   c/o Wilbur & Associates,   210 Landmark Drive,   Normal, Illinois 61761-2119
22689189        +Wells Fargo Bank NA,   Attn: Bankruptcy,   1 Home Campus MAC X2303-01A,
                 Des Moines, IA 50328-0001
22786681        +Xtreme Automotive Group as Servicer,   for Platinum Investment Co, Inc.,   P.O. Box 41,
                 Bowdon Junction, GA 30109-0041

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
22689177        +E-mail/Text: Harris@ebn.phinsolutions.com Jan 31 2020 21:56:05      Harris & Harris,
                 Attn: Bankruptcy,   111 W Jackson Blvd  Ste 400,   Chicago, IL 60604-4135

24.   The automatic stay imposed by 11 U.S.C. § 362 prohibits Defendant from attempting to collect the Debt.

25.   The Bankruptcy Case is currently pending, and Plaintiff continues to substantially perform under the terms of her Confirmed Plan.

7

*Factual Allegations Derived from Plaintiff's Equifax Consumer Report*

26.    On or about September 28, 2020 Plaintiff obtained a copy of her consumer report as published by Equifax.

27.    That report contained erroneous information as provided and reported by Defendant to Equifax.

28.    Specifically, the report shows the status of the account as in "Collection", with a balance of $1,111, and no disclosure of the fact that the account is included in a pending Bankruptcy Case.

29.    The relevant portion of Defendant's tradeline appeared in the September 28, 2020 Equifax report as follows:

**Date Reported: Aug 26, 2020**

| | | | |
|---|---|---|---|
| Collection Agency | HARRIS & HARRIS, LTD | Balance Date | Aug 26, 2020 |
| Original Creditor Name | INDIANA ENDOSCOPY CTR FISHERS | Account Designator Code | INDIVIDUAL_ACCOUNT |
| Date Assigned | Jan 15, 2016 | Account Number | xxxxxx 98 |
| Original Amount Owed | $1,111 | Creditor Classification | Medical or Health Care |
| Amount | $1,111 | Last Payment Date | |
| Status Date | Aug 26, 2020 | Date of First Delinquency | Sep 03, 2015 |
| Status | UNPAID | | |

**Comments**                                      **Contact**

Medical                                              HARRIS & HARRIS, LTD

(Remaining portion of tradeline omitted.)

30.   The tradeline for the Debt fails to disclose that the Debt is included in and subject to the Bankruptcy Case.

31.   Rather, the tradeline for the Debt misrepresents that the Debt is in active collections.

32.   Because the Debt is included in Plaintiff's Bankruptcy Case and Defendant is prohibited from attempting to collect the Debt, Defendant's communication to third-parties regarding the status of the Debt was both false and misleading.

33.   The false and misleading information reported by Defendant to Equifax was material in that a viewer of the report would reasonably conclude that the Debt being collected by Defendant was not included in Plaintiff's Bankruptcy Case and that Plaintiff is subject to continued collection activity, including legal process.

34.   The false report made by Defendant to Equifax was in furtherance of its efforts to collect its Debt from Plaintiff.

35.   Upon information and belief, after Defendant had been notified that the Debt is included in and subject to the Bankruptcy Case, the false and misleading information reported by Defendant to Equifax has been re-published.

*Factual Allegations Derived from Plaintiff's Experian Consumer Report*

36.   On or about September 28, 2020 Plaintiff obtained a copy of her consumer report as published by Experian.

37.   That report contained erroneous information as provided and reported by Defendant to Experian.

38.   Specifically, the report shows the status of the account as in "Collection", with a past due balance of $1,111 as of August 2020, and no disclosure of the fact that the account is included in a pending Bankruptcy Case.

39.   The relevant portion of Defendant's tradeline appeared in the September 28, 2020 Experian report as follows:

## HARRIS & HARRIS LTD

**Potentially Negative**

 **Account Info**

| | |
|---|---|
| Account Name | **HARRIS & HARRIS LTD** |
| Account Number | **270334XX** |
| Account Type | **Collection** |
| Responsibility | **Individual** |
| Date Opened | **01/15/2016** |
| Status | **Collection account. $1,111 past due as of Aug 2020.** |
| Status Updated | **Jan 2016** |
| Balance | **$1,111** |
| Balance Updated | **08/26/2020** |
| Recent Payment | **$0** |
| Monthly Payment | **$0** |
| Original Balance | **$1,111** |
| Highest Balance | **$0** |
| Terms | **1 Months** |
| On Record Until | **Jun 2022** |

(Remaining portion of tradeline omitted.)

40.   The tradeline for the Debt fails to disclose that the Debt is included in and subject to the Bankruptcy Case.

41.   Rather, the tradeline for the Debt misrepresents that the Debt is in active collections.

42.   Because the Debt is included in Plaintiff's Bankruptcy Case and Defendant is prohibited from attempting to collect the Debt, Defendant's communication to third-parties regarding the status of the Debt was both false and misleading.

43.   The false and misleading information reported by Defendant to Experian was material in that a viewer of the report would reasonably conclude that the Debt being collected by Defendant was not included in Plaintiff's Bankruptcy Case and that Plaintiff is subject to continued collection activity, including legal process.

44.   The false report made by Defendant to Experian was in furtherance of its efforts to collect its Debt from Plaintiff.

45.   Upon information and belief, after Defendant had been notified that the Debt is included in and subject to the Bankruptcy Case, the false and misleading information reported by Defendant to Experian has been re-published.

*Factual Allegations Derived from Plaintiff's Trans Union Consumer Report*

46.    On or about September 28, 2020 Plaintiff obtained a copy of her consumer report as published by TransUnion.

47.    That report contained erroneous information as provided and reported by Defendant to TransUnion.

48.    Specifically, the report shows the status of the account as in "Collection", with a balance of $1,111, and no disclosure of the fact that the account is included in a pending Bankruptcy Case.

49.    The relevant portion of Defendant's tradeline appeared in the September 28, 2020 TransUnion report as follows:

**HARRIS & HARRIS #2703****
111 W JACKSON BLVDSTE 400
CHICAGO, IL 60604
(312) 574-1813

| | | | | | |
|---|---|---|---|---|---|
| Placed for collection: | 01/15/2016 | Balance: | $1,111 | Pay Status: | >In Collection< |
| Responsibility: | Individual Account | Date Updated: | 08/26/2020 | | |
| Account Type: | Open Account | Original Amount: | $1,111 | | |
| Loan Type: | COLLECTION AGENCY/ATTORNEY | Original Creditor: | INDIANA ENDOSCOPY CTR FISHERS | | |
| | | Past Due: | >$1,111< | | |

Remarks: >PLACED FOR COLLECTION<
Estimated month and year that this item will be removed: 08/2022

(Remaining portion of tradeline omitted.)

50.   The tradeline for the Debt fails to disclose that the Debt is included in and subject to the Bankruptcy Case.

51.   Rather, the tradeline for the Debt misrepresents that the Debt is in active collections.

52.   Because the Debt is included in Plaintiff's Bankruptcy Case and Defendant is prohibited from attempting to collect the Debt, Defendant's communication to third-parties regarding the status of the Debt was both false and misleading.

53.   The false and misleading information reported by Defendant to TransUnion was material in that a viewer of the report would reasonably conclude that the Debt being collected by Defendant was not included in Plaintiff's Bankruptcy Case and that Plaintiff is subject to continued collection activity, including legal process.

54.   The false report made by Defendant to TransUnion was in furtherance of its efforts to collect its Debt from Plaintiff.

55.    Upon information and belief, after Defendant had been notified that the Debt is included in and subject to the Bankruptcy Case, the false and misleading information reported by Defendant to TransUnion has been re-published.

## INJURIES-IN-FACT

56.    The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

57.    An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

58.    Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

59.   Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

60.   Accordingly, through the violation of Plaintiff's statutorily-created rights under the FDCPA, Plaintiff has suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

61.   Defendant had actual notice that the information it was reporting regarding Plaintiff to the various credit reporting agencies was false, deceptive, and misleading.

62.   Accordingly, Defendant's conduct was willful.

63.   As a result of Defendant's willful actions and omissions, Plaintiff is eligible for statutory damages.

64.   As a result of Defendant's actions and omissions, Plaintiff is being subjected to false, deceptive, unfair, and unconscionable debt collection practices.

65.   Plaintiff has experienced frustration and anxiety as a result of the knowledge that Defendant is pursuing its collection strategy despite her Bankruptcy Case.

16

66.    Plaintiff has experienced worry over the repercussions of Defendant's conduct.

67.    As a result of Defendant's actions and omissions, Plaintiff's actual damages also include the illegitimate suppression of her Fair Isaac Corporation ("FICO") credit score and other credit rating model scores.

68.    The false information reported by Defendant creates a material risk of financial harm to Plaintiff stemming from the decreased perception of Plaintiff's future credit-worthiness.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692e and 1692f

69.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

70.    Defendant's reporting of the debt to Equifax, Experian, and TransUnion was made in connection with and furtherance of Defendant's efforts to collect the Debt.

17

71.    15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

72.    The use of "or" in § 1692e means a representation violates the FDCPA if it is false *or* deceptive *or* misleading. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

73.    A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive. *Id.*

74.    Defendant's representations to Equifax, Experian, and TransUnion that the Debt was in active collections, when such action is clearly prohibited by 11 U.S.C. § 362, is a false, deceptive, and misleading representation in connection with the collection of a debt, and thus violates 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(8) and 1692e(10).

75.    As a result of Defendant's violations of 15 U.S.C. § 1692e, Defendant is liable to Plaintiff for her actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

18

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

76.    Plaintiff incorporates by reference paragraphs 1 through 68 as though fully stated herein.

77.    Defendant's reporting of the debt to Equifax, Experian, and TransUnion was made in connection with and furtherance of Defendant's efforts to collect the Debt.

78.    15 U.S.C. § 1692f specifically prohibits the use of unfair or unconscionable means to collect or attempt to collect any debt.

79.    Defendant's representations to Equifax, Experian, and TransUnion that the Debt was in active collections, when such action is clearly prohibited by 11 U.S.C. § 362, is an unfair and unconscionable means to collect the Debt, and thus violates 15 U.S.C. § 1692f.

80.    As a result of Defendant's violations of 15 U.S.C. § 1692f, Defendant is liable to Plaintiff for her actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## **TRIAL BY JURY**

81.   Plaintiff is entitled to and hereby requests a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor and against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1692k; and

d.) Such other and further relief as may be just and proper.

Respectfully submitted this 8th day of July, 2021.

**BERRY AND ASSOCIATES**

*/s/ Matthew T. Berry*

Matthew T. Berry
Georgia Bar No. 055663
*matt@mattberry.com*

Berry & Associates
2751 Buford Highway, Suite 600
Atlanta, Georgia 30324

OFFICE    (404) 235-3305
FAX       (404) 235-3333

Counsel for Plaintiff

21